NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| CHARLES A. ZANGER, JR., : | |
| Plaintiff, : | Civil No. 10-2480 (RBK/KMW) |
| v. : | **OPINION** |
| BANK OF AMERICA, N.A. and BAC : HOME LOANS SERVICING, LP, : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

Before the Court is Plaintiff's motion to remand this matter to the Superior Court of New Jersey. Plaintiff initiated this action by filing his Complaint in that court. Defendants removed the matter to this Court based on diversity jurisdiction under 28 U.S.C. §1332(a)(1). Plaintiff concedes that the parties are citizens of different states. He argues, however, that the amount in controversy does not exceed $75,000.00 because his stated compensatory damages are only $16,289.04 and his claims for unspecified amounts of punitive damages and attorneys' fees are an inappropriate basis for federal jurisdiction. Because the Third Circuit has held that a nonfrivolous claim for an unspecified amount of punitive damages can satisfy the jurisdictional amount, the Court denies Plaintiff's motion to remand. See Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004).

I.   BACKGROUND

In May 2009, Plaintiff executed a note and granted a mortgage in favor of NVR mortgage Finance, Inc. ("NVR"). Pursuant to the note's terms, NVR agreed to lend Plaintiff

1

approximately $205,535.00 for the purchase of a condominium unit located in Cinnaminson, New Jersey.  In exchange, Plaintiff agreed to repay the principal amount plus interest at a rate of four and one-half percent per year for thirty years.  The note also requires Plaintiff to make monthly escrow payments to NVR so that NVR can pay Plaintiff's quarterly real estate property taxes and purchase any insurance that may be required by the mortgage agreement.  The mortgage requires Plaintiff to purchase flood insurance if the property is located in a Special Flood Hazard Area as designated by the Federal Emergency Management Agency.

NVR transferred the note and mortgage to Defendant Bank of America, N.A. ("BOA").  The mortgage is serviced by Defendant BAC Home Loans Servicing, LP ("BAC").  In October 2009, BAC notified Plaintiff that it had purchased flood insurance for the property and deducted approximately $2,008.27 from Plaintiff's escrow funds to pay for the insurance.  In November 2009, Cinnaminson Township notified Plaintiff that he owed $3,398.33 in past due property taxes.  The township further notified Plaintiff that it would sell his property at a tax sale in December 2009 if he did not pay the taxes plus $57.71 in interest.  In order to avoid the tax sale, Plaintiff paid the outstanding taxes and interest.

Plaintiff alleges that Defendants were required to pay the property taxes from the escrow funds and that the funds would have been sufficient to pay the taxes if Defendants had not used the escrow funds to improperly purchase flood insurance. Plaintiff asserts various claims against Defendants, including breach of contract, bad faith, violations of several statutes governing mortgage brokers and escrow agents, negligence, breach of fiduciary duty, and violations of New Jersey's RICO statute.  Plaintiff seeks $5,429.68 in actual compensatory damages.  He also seeks $500.00 in statutory damages under New Jersey's law governing mortgage escrow agents, treble damages under New Jersey's RICO statute, and an unspecified amount of punitive damages and

statutory attorneys' fees.  Plaintiff does not expressly allege that he is seeking total damages of less than $75,000.00.

Plaintiff originally filed his Complaint in the Superior Court of New Jersey in April 2010.  Defendants removed the matter to this Court in May 2010.  According to Defendants' notice of removal, Plaintiff is a citizen of the State of New Jersey and BOA is a national bank with its main office in Charlotte, North Carolina.  Defendants also represent that BAC is a limited partnership with BANA LP, LLC as its only limited partner.  BAC's only general partner is BAC GP, LLP.  BOA is the sole member of both BANA LP, LLC and BAC GP, LLC.  For purposes of diversity jurisdiction, therefore, all Defendants are citizens of North Carolina.  Defendants' notice of removal also states: "Plaintiff seeks compensatory damages that from the facts of the Complaint appear to exceed $20,000.  In addition to compensatory damages, Plaintiff seeks attorney fees and punitive damages.  BOA asserts that the addition of attorney fees and punitive damages to the compensatory damages sought in the Complaint would result in a judgment exceeding $75,000."

Plaintiff now moves the Court to remand this matter back to the Superior Court of New Jersey because the amount in controversy does not exceed $75,000.00.

## II.   ANALYSIS

"Federal courts have limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution."  Schneller v. Crozer Chester Med. Ctr., 2010 U.S. App. LEXIS 14966, *4 (3d Cir. July 20, 2010).  Pursuant to 28 U.S.C. § 1332(a)(1), Congress authorized federal subject matter jurisdiction in civil disputes if:  (1) there is complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000.00.  See Brooks-McCollum v. State Farm Ins. Co., 2010 U.S. App. LEXIS 8135, *4 (3d Cir. Apr. 20,

2010). The parties in this case are completely diverse. Subject matter jurisdiction therefore turns on whether the amount in controversy exceeds $75,000. 00.

The Third Circuit has provided a "roadmap" for evaluating whether a case removed from state court should be remanded because the amount in controversy does not exceed $75,000.00. See Frederico v. Home Depot, 507 F.3d 188, 196 (3d Cir. 2007). First, if the parties dispute jurisdictional facts, the party challenging federal jurisdiction bears the burden of proving necessary facts by a preponderance of the evidence. Id. at 194 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936)). Even if jurisdictional facts are not expressly in dispute, a "court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." McNutt, 298 U.S. at 189.

Second, if jurisdictional facts are not in dispute, or the court is satisfied with the sufficiency of the jurisdictional proof, the analysis turns to whether the jurisdictional amount is met with "legal certainty." Frederico, 507 F.3d at 196. The legal certainty test has two alternative strands. Id. If the complaint "specifically avers that the amount sought is less than the jurisdictional minimum," a defendant "seeking removal must prove to a legal certainty that [the] plaintiff <u>can</u> recover the jurisdictional amount." Id. at 196-97 (emphasis in original) (relying on Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006)). A plaintiff is entitled to this deferential standard only if the complaint "specifically (and not impliedly) and precisely (and not inferentially) state[s] that the amount sought" shall not exceed the jurisdictional minimum. Id. at 196. Alternatively, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," then "the case must be remanded if it appears to a legal certainty that the plaintiff <u>cannot</u> recover the jurisdictional amount." Id. at 197

4

(emphasis in original) (relying on Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir. 2004)).

Applying those principles to this case, the first issue before the Court is whether the parties dispute jurisdictional facts. Plaintiff asserts that any dispute regarding the jurisdictional amount triggers the preponderance-of-the-evidence standard. Plaintiff's position is untenable in light of the Third Circuit's holding in Frederico. In Frederico, the plaintiff challenged federal jurisdiction by arguing that the amount in controversy did not exceed the statutory minimum. Id. at 197-98. In determining whether there was a dispute regarding jurisdictional facts sufficient to trigger the preponderance-of-the evidence standard, the Third Circuit found that because the defendant's "argument for jurisdiction [was] based on allegations made initially by [the plaintiff] herself," the "posture of the case [was] one where the relevant facts are not expressly in dispute between the parties." Id. at 198. The Third Circuit also found that a sua sponte application of the preponderance-of-the-evidence standard was unnecessary for the same reason. Id. Thus, a challenge to the amount in controversy does not necessarily trigger the preponderance-of-the-evidence standard. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 397-98 (3d Cir. 2004). The standard is triggered only when the facts underlying the jurisdictional amount are in dispute.

This case does not present a dispute regarding jurisdictional facts. Like the defendant in Frederico, Defendants' notice of removal in this case is premised entirely on Plaintiff's factual allegations and legal claims. The parties do not dispute that Plaintiff seeks approximately $5,429.68 in actual compensatory damages, treble damages under New Jersey's RICO statute, $500.00 in statutory damages under New Jersey's law governing mortgage escrow agents, and an unspecified amount of punitive damages and attorneys' fees. Nor do the parties dispute that

5

Plaintiff is entitled to seek recovery under each category of alleged damages. Like Frederico, because the party asserting federal jurisdiction relies on its opponents factual allegations, the preponderance-of-the evidence standard is inapplicable. Frederico, 507 F.3d at 198.

The second issue in the analysis is which strand of the legal certainty test the Court should apply. Plaintiff's Complaint does not specifically aver that the amount he seeks will be below the jurisdictional minimum. Thus, the Court must apply the Samuel-Bassett strand of the legal-certainty test. Id. at 197. Under that test, remand is proper only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Id. (emphasis in original).[1]

Plaintiff seeks approximately $5,429.68 in actual compensatory damages. New Jersey's RICO statute permits that amount to be trebled if Plaintiff succeeds with his RICO claim. See N.J.S.A. 2C:41-4(a)(8); Franklin Med. Assoc. v. Newark Pub. Sch., 828 A.2d 966, 977-78 (N.J. Sup. Ct. App. Div. 2003) (upholding award of treble damages in New Jersey RICO case). This would bring Plaintiff's damages to $16,289.04. Plaintiff also seeks $500.00 in statutory damages under New Jersey's law governing mortgage escrow agents, which brings his total claimed damages to $16,789.04. See N.J.S.A. 17:16F-18 (permitting statutory damages of $500.00 for mishandling of mortgage escrow funds). Federal jurisdiction over this matter therefore turns on whether the remaining $58,211.96 can be attributed with legal certainty to Plaintiff's claims for an unspecified amount of punitive damages and attorneys' fees.

"Claims for punitive damages may be aggregated with claims for compensatory damages unless the former are 'patently frivolous and without foundation.'" Golden, 382 F.3d at 355 (quoting Gray v. Occidental Life Ins. Co., 387 F.2d 935 (3d Cir. 1968)). "Punitive damage claims are per se 'patently frivolous and without foundation' if they are unavailable as a matter

---

[1] In evaluating the legal plausibility of Plaintiff's state law claims in this putative diversity case, the Court looks to the state law governing the claimed damages. Samuel-Bassett, 357 F.3d at 398 (citing Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352-53 (1961).

6

of state substantive law." Id. The Third Circuit has held that a nonfrivolous request for an unspecified amount of punitive damages "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Id. at 355-57 (finding that the jurisdictional amount was satisfied even though actual damages totaled approximately $50,000 because viable claim for punitive damages was sufficient to establish jurisdictional minimum). However, if a punitive damages claim "comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

Applying this guidance from the Third Circuit, the Court finds that the jurisdictional amount is satisfied here. Plaintiff's claim for punitive damages is not "patently frivolous and without foundation." Golden, 382 F.3d at 355. Under New Jersey law, "[t]o warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious." Nappe v. Anschelewitz, Barr, Ansell & Bonello, 477 A.2d 1224 (N.J. 1984) (citation omitted). Punitive damages are generally inappropriate in the context of a commercial contract dispute unless the dispute also involves "the existence of a fiduciary relationship." Sec. Aluminum Window Mfg. Corp. v. Lehman Assoc., Inc., 260 A.2d 248, 253 (N.J. Sup. Ct. App. Div. 1970).

Plaintiff claims that a "special fiduciary relationship" existed between him and Defendants as his escrow agents and that Defendants breached their fiduciary duties by misappropriating escrow funds. Plaintiff also alleges that Defendants' misconduct was "wanton and willful" and that Defendants have refused to acknowledge their errors or take any steps to

correct them. Those allegations, if proven true, establish a colorable right to recover punitive damages under New Jersey law.

Additionally, New Jersey has capped punitive damages at five times a defendant's compensatory liability or $350,000.00, whichever is greater. N.J.S.A. 2A:15-5.14(b). Thus, even though Plaintiff's compensatory damages may only be approximately $16,000, the remaining $59,000 necessary to satisfy the jurisdictional minimum is within the permissible range of recovery. Plaintiff cannot establish with legal certainty, therefore, that he cannot recover the jurisdictional minimum.[2]

Regarding attorneys' fees, it is settled law that a court may aggregate attorneys' fees and compensatory and punitive damages to determine the amount in controversy if the plaintiff's claim for attorneys' fees is statutory. See Chrysler Corp. v. Kontinental Koaches, Inc., 104 F.3d 578, 585 (3d Cir. 1997) (holding that attorneys' fees are properly aggregated with compensatory and punitive damages if attorneys' fees are based on statutory right to fees). Unlike a claim for an unspecified amount of punitive damages, however, Frederico suggests that a claim for an unspecified amount of attorneys' fees does not necessarily satisfy the jurisdictional minimum. Rather, in Frederico, the Third Circuit estimated the amount of attorneys' fees that the plaintiff was likely to recover by reference to quantitative studies regarding average attorneys' fees awards in analogous cases. Frederico, 507 F.3d at 199. The Court then used this estimate to determine whether the jurisdictional amount was satisfied with legal certainty. Id.

---

[2] The appropriateness of federal jurisdiction over this case is also supported by the fact that although punitive damages compromise a significant portion of the jurisdictional minimum, Plaintiff clearly did not assert a claim for punitive damages solely for the purpose of conferring federal jurisdiction. See Packard, 994 F.2d at 104 (holding that if a plaintiff's claim for punitive damages "comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny"). Indeed, Plaintiff originally filed his Complaint in state court and now contests Defendants' assertion of federal jurisdiction.

8

Plaintiff asserts a statutory right to attorneys' fees.  See N.J.S.A. 17:16F-18, 26 (allowing attorneys' fees for claim against mortgage escrow agent); N.J.S.A. 2C:41-4(c) (allowing attorneys' fees in New Jersey RICO action).  However, because this Court finds that Plaintiff's claim for punitive damages is sufficient to satisfy the jurisdictional amount, the Court does not attempt to estimate Plaintiff's likely attorneys' fees in this case.

## III.  CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motion to remand this matter to state court.  An appropriate order shall be entered.


Dated:  10/1/10                                                             /s/ Robert B. Kugler
                                                                                     ROBERT B. KUGLER
                                                                                     United States District Judge