NOT FOR PUBLICATION                                              (Doc. Nos. 19, 23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHARLES A. ZANGER, JR., : <br> : <br> Plaintiff, : <br> : Civil No. 10-2480 (RBK/KMW) <br> v. : <br> : OPINION <br> BANK OF AMERICA, N.A., BAC HOME : <br> LOANS SERVICING, LP, and : <br> LANDSAFE FLOOD DETERMINATION, : <br> INC. : <br> : <br> Defendants. : | |

**KUGLER**, United States District Judge:

This is a dispute regarding allegedly misappropriated escrow funds.  Currently before the Court are Defendants' motions to dismiss Plaintiff's claim under the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO"), N.J. Stat. Ann. § 2C:41-1, et seq.  (Doc. Nos. 19, 23).  Because Plaintiff fails to allege that Defendants engaged in "a pattern of racketeering activity" under NJ RICO, the Court grants Defendants' motions to dismiss Count IX of the Amended Complaint.

I.      BACKGROUND[1]

In May 2009, Plaintiff Charles A. Zanger, Jr., executed a note and granted a mortgage in favor of NVR Mortgage Finance, Inc. ("NVR").  Pursuant to the note's terms, NVR agreed to lend Plaintiff approximately $205,535.00 for the purchase of a condominium unit located in Cinnaminson, New Jersey.  In exchange, Plaintiff agreed to repay the principal amount plus

---

[1] The facts are taken from Plaintiff's Amended Complaint.  (Doc. No. 17).

1

interest at a rate of four and one-half percent per year for thirty years.  The note also requires Plaintiff to make monthly escrow payments to NVR so that NVR could pay Plaintiff's quarterly real estate property taxes and purchase any insurance that required by the mortgage agreement.  The mortgage requires Plaintiff to purchase flood insurance if the property is located in a Special Flood Hazard Area (a "flood zone") as designated by the Federal Emergency Management Agency ("FEMA").

NVR transferred the note and mortgage to Defendant Bank of America, N.A. ("BOA").  The mortgage is serviced by Defendant BAC Home Loans Servicing, LP ("BAC"), which is a subsidiary of BOA.  In September 2009, BAC retained Defendant Landsafe Flood Determination, Inc. ("Landsafe"), a wholly owned BOA subsidiary, to determine whether Plaintiff's property was within a flood zone.  Landsafe determined that Plaintiff's property is within a flood zone even though the FEMA map shows that the property is not in a flood zone.  In October 2009, based on Landsafe's determination, BAC notified Plaintiff that it had purchased flood insurance for the property and deducted approximately $2,008.27 from Plaintiff's escrow funds to pay for the insurance.

In November 2009, Cinnaminson Township notified Plaintiff that he owed $3,398.33 in past due property taxes.  The township further notified Plaintiff that it would sell his property at a tax sale in December 2009 if he did not pay the taxes plus $57.71 in interest.  In order to avoid the tax sale, Plaintiff paid the outstanding taxes and interest.  Plaintiff alleges that Defendants were required to pay the property taxes from the escrow funds and that the funds would have been sufficient to pay the taxes if Defendants had not used the escrow funds to improperly purchase flood insurance.

Plaintiff originally filed the Complaint in the Superior Court of New Jersey in April 2010. Defendants removed the matter to this Court in May 2010. In November 2010, the Court granted Plaintiff leave to amend the Complaint to add Landsafe as a defendant. Plaintiff asserts various claims against Defendants, including breach of contract, bad faith, violations of several statutes governing mortgage brokers and escrow agents, negligence, breach of fiduciary duty, and violations of NJ RICO. Plaintiff's NJ RICO claim is based on Defendants' alleged fraud regarding the purchase of flood insurance from Plaintiff's escrow funds. Specifically, Plaintiff alleges that Defendants committed theft by deception as prohibited by N.J. Stat. Ann. § 2C:20-4. Defendants now move to dismiss Plaintiff's NJ RICO claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] The parties have submitted their respective briefs and the motion is ripe for review.

## II.     LEGAL STANDARD

### A.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In addition to the allegations of the complaint, a court may consider matters of public record,

---

[2] BOA and BAC initially moved to dismiss Plaintiff's NJ RICO claim. (Doc. No. 19). Landsafe subsequently joined BOA and BAC's motion. (Doc. No. 23).

documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004).

In determining whether a complaint states a plausible claim for relief, a court must conduct a two-part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

### B. Rule 9(b)

A plaintiff who asserts a NJ RICO claim predicated on fraud must comply with Rule 9(b)'s heightened pleading standard. See Construcciones Haus Soceidad v. Kennedy Funding Inc., No. 07-0392, 2008 U.S. Dist. LEXIS 33685, at * 5 (D.N.J. April 24, 2008) ("To properly plead a NJ RICO claim asserting a fraudulent predicate act, a party must comply with Rule 9(b), which requires that such allegations be pled with particularity."). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must plead the circumstances of the alleged fraud with particularity sufficient to put the defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 223-24

(3d Cir. 2004). A plaintiff may satisfy that requirement in two ways. Id. at 224. First, a plaintiff can meet the requirement "by pleading the date, place or time of the fraud." Id. Second, the plaintiff may use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. (citing Seville Indus. Mach. v. Southmost Mach., 742 F.2d 786, 791 (3d Cir. 1984)). Rule 9(b)'s heightened pleading standard is meant "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville, 742 F.2d at 791. At minimum, Rule 9(b) requires "that the plaintiff identify the speaker of allegedly fraudulent statements." Klein v. Gen. Nutrition Co., Inc., 186 F.3d 338, 345 (3d Cir. 1999).

### III. DISCUSSION

NJ RICO "makes it a crime for a person to be employed by or associated with 'an enterprise' and to engage or participate or become involved in the business of the enterprise 'through a pattern of racketeering activity'" that affects "trade or commerce." State v. Ball, 661 A.2d 251, 255 (N.J. 1995) (quoting N.J. Stat. Ann. § 2C:41-2b, 2c). NJ RICO defines an "enterprise" as "any individual, sole proprietorship, partnership, corporation, business or charitable trust, association, or other legal entity, any union or group of individuals associated in fact although not a legal entity, and it includes illicit as well as licit enterprises and governmental as well as other entities." N.J. Stat. Ann. § 2C:41-1(c). It defines "racketeering activity" as "theft and all crimes defined in chapter 20 of Title 2C of the New Jersey Statutes." N.J. Stat. Ann. § 2C:41-1(a)(1)(n). Under New Jersey law, "[a] person is guilty of theft if he purposely obtains property of another by deception." N.J. Stat. Ann. § 2C:20-4. NJ RICO defines "pattern of racketeering activity" as:

> (1) Engaging in at least two incidents of racketeering conduct one
> of which shall have occurred after the effective date of this act and

>the last of which shall have occurred within 10 years (excluding any period of imprisonment) after a prior incident of racketeering activity; and
>
>(2) A showing that the incidents of racketeering activity embrace criminal conduct that has either the same or similar purposes, results, participants or victims or methods of commission or are otherwise interrelated by distinguishing characteristics and are not isolated incidents.

N.J. Stat. Ann. § 2C:41-1(d).

NJ RICO includes a civil remedies provision that permits a party to sue for restitution and damages. See N.J. Stat. Ann. § 2C:41-4. To state a claim under NJ RICO's civil remedies provision, a plaintiff must allege: (1) that the defendant committed an NJ RICO violation; and (2) that the "plaintiff's harm was proximately caused by the NJ RICO predicate acts alleged, i.e., that there was a direct relationship between plaintiff's injury and defendant's conduct." Interchange State Bank v. Veglia, 668 A.2d 465, 472-73 (N.J. Super. Ct. App. Div. 1995). "This requires a showing not only that the offender's alleged NJ RICO violation was the 'but for' cause of the plaintiff's injury, but also that the violation was the proximate cause." Blizzard v. Exel Logistics N. Am., Inc., No. 02-4722, 2005 U.S. Dist. LEXIS 28160, at *33 (D.N.J. Nov. 15, 2005).

Defendants argue that Plaintiff's NJ RICO claims should be dismissed because: (1) Plaintiff fails to allege that Defendants are persons engaged in racketeering activity that affects trade or commerce; (2) Defendants are not an enterprise under NJ RICO; (3) Defendants did not engage in any unlawful "racketeering activity" under NJ RICO; and (4) Defendants did not engage in a "pattern of racketeering" under NJ RICO. Because the Amended Complaint does not properly plead that Defendants were engaged in a "pattern of racketeering activity," the Court grants Defendants' motion to dismiss Plaintiff's NJ RICO claim.

### A. Whether Plaintiff Alleges that Defendants are Persons Engaged in Activities that Affect Trade or Commerce

Defendants argue that Plaintiff's NJ RICO claim should be dismissed because Plaintiff does not allege that Defendants are persons engaged in activity that affects trade or commerce. NJ RICO provides that "[i]t shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in or activities of which affect trade or commerce.[3] See N.J. Stat. Ann. § 2C:41-2(b). NJ RICO defines "person" to include "any individual or entity or enterprise as defined herein holding or capable of holding a legal or beneficial interest in property." N.J. Stat. Ann. § 2C:41-1(b). It defines "trade or commerce" to include "all economic activity involving or relating to any commodity or service." N.J. Stat. Ann. § 2C:41-1(h).

Plaintiff alleges facts sufficient to establish that Defendants are "persons" engaged in activities that affect "trade or commerce." Plaintiff alleges that BOA is a "national banking association organized and existing under the laws of the United States of America," (Am. Compl. ¶ 2), that BAC is a "for-profit corporation organized and existing under the laws of the State of Delaware, (id. ¶ 3), and that Landsafe is a "for-profit corporation organized and existing under the laws of the State of California," (id. ¶ 4). Thus, Plaintiff properly alleges that Defendants are "persons" under NJ RICO. See N.J. Stat. Ann. § 2C:41-2(b) (defining "person" to include, among other things, private legal entities). Plaintiff also alleges that BOA and BAC

---

[3] Defendants also argue that Plaintiff fails to allege facts sufficient to establish a NJ RICO violation under N.J. Stat. Ann. § 2C:41-2(a), which prohibits the investment of funds obtained through racketeering activities. The Court agrees. Plaintiff does not allege any facts suggesting that Defendants violated that provision of NJ RICO. However, NJ RICO includes two other alternative prohibited activities. See N.J. Stat. Ann. § 2C:41-2(b), (c). As noted above, N.J. Stat. Ann. § 2C:41-2(b) prohibits any person from retaining an interest in any enterprise engaged in racketeering activities that affect trade or commerce. Thus, Plaintiff's failure to plead a violation of N.J. Stat. Ann. § 2C:41-2(a) does not end the inquiry.

perform mortgage services and that Landsafe services BAC by determining whether a mortgaged property is within a flood zone. Thus, Plaintiff properly alleges that Defendants are engaged in activities that "affect trade or commerce." See N.J. Stat. Ann. § 2C:41-1(h) (defining commerce to include the sale of services). Consequently, the Amended Complaint adequately alleges that Defendants are "persons" engaged in activities that affect "trade or commerce."

### B.  Whether Defendants are an "Enterprise"

Defendants argue that Plaintiff does not allege that Defendants are an "enterprise" under NJ RICO. NJ RICO defines an enterprise as "any individual, sole proprietorship, partnership, corporation, business or charitable trust, association, or other legal entity, any union or group of individuals associated in fact although not a legal entity, and it includes illicit as well as licit enterprises and governmental as well as other entities." N.J. Stat. Ann. § 2C:41-1(c). In Ball, the New Jersey Supreme Court held:

> [T]he enterprise . . . must have an "organization." The hallmark of an enterprise's organization consists . . . in those kinds of interactions that become necessary when a group, to accomplish its goal, divides among its members the tasks that are necessary to achieve a common purpose. The division of labor and the separation of functions undertaken by the participants serve as the distinguishing marks of the "enterprise" because when a group does so divide and assemble its labors in order to accomplish its criminal purposes, it must necessarily engage in a high degree of planning, cooperation and coordination, and thus, in effect, constitute itself as an "organization."

Ball, 661 A.2d at 261. Evidence of "an ascertainable structure will support the inference that the group engaged in carefully planned and highly coordinated criminal activity, and therefore will support the conclusion that an 'enterprise' existed." Id. "Apart from an organization's structure," a plaintiff can allege facts focusing on "the number of people involved and their knowledge of the objectives of their association, how the participants associated with each other,

whether the participants each performed discrete roles in carrying out the scheme, the level of planning involved, how decisions were made, the coordination involved in implementing decisions, and how frequently the group engaged in incidents or committed acts of racketeering activity, and the length of time between them." Id.

Defendants argue that the Amended Complaint fails to establish "any organizational structure or any single fact articulated by the New Jersey Supreme Court as relevant to the existence of a RICO enterprise." (Def.'s Br. at 7). The Court disagrees. Plaintiff alleges that both Landsafe and BAC are subsidiaries of BOA. (Am. Compl. ¶ 6, 21). BOA holds Plaintiff's loan, and BOA retained BAC to provide mortgage services related to Plaintiff's mortgage. (Id. ¶ 7). BAC, in turn, retained Landsafe to determine whether Plaintiff's property was within a flood zone. (Id. ¶ 21). Plaintiff alleges that BOA, BAC, and Landsafe knowingly and intentionally made false statements to Plaintiff regarding the location of his property in a flood zone. (Id. ¶¶ 24-27, 111-112). In essence, Plaintiff alleges that BOA uses its subsidiaries Landsafe and BAC to misappropriate escrowed funds by making false determinations regarding the location of properties in flood zones. Those facts are sufficient to establish an "organizational structure" amounting to an enterprise under NJ RICO.

### C. Whether Defendants Engaged in "Racketeering Activity"

Plaintiff alleges that Defendants engaged in racketeering activity because they committed theft as prohibited by N.J. Stat. Ann. § 2C:20-4. Defendants respond that Plaintiff has not alleged facts sufficient to establish the Defendants committed theft.

NJ RICO defines racketeering activity to include "theft and all crimes defined in chapter 20 of Title 2C of the New Jersey Statutes." N.J. Stat. Ann. § 2C:41-1(a)(1)(n). Chapter 20 of Title 2C provides that "[a] person is guilty of theft if he purposely obtains property of another by

9

deception." N.J. Stat. Ann. § 2C:20-4. A person is guilty of theft under N.J. Stat. Ann. § 2C:20-4 if: (1) he makes a misrepresentation; (2) the misrepresentation is "knowing and made with the specific intent to cheat or defraud"; (3) "the aggrieved party . . . [relied] on the misrepresentation in parting with his property"; and (4) the defrauding party "received something of value as a result of the misrepresentation." State v. Cox, 376 A.2d 236, 238 (N.J. Super Ct. Law Div. 1977) (recounting elements of theft by deception under N.J. Stat. Ann. § 2A:111-1, now codified at N.J. Stat. Ann. § 2C:20-4).

Moreover, as discussed above, to state a NJ RICO claim predicated on fraud, a plaintiff must comply with Rule 9(b)'s heightened pleading requirements. A plaintiff can satisfy Rule 9(b) "by pleading the date, place or time of the fraud," or by "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Lum, 361 F.3d at 223-24 (citing Seville Indus. Mach., 742 F.2d at 791). At minimum, Rule 9(b) requires "that the plaintiff identify the speaker of allegedly fraudulent statements." Klein, 186 F.3d at 345.

Plaintiff fails to properly allege that Defendants violated N.J. Stat. Ann. § 2C:20-4. Regarding the alleged fraud, Plaintiff alleges that "[o]n or about September 16, 2009, Landsafe, a wholly owned subsidiary of [BOA], at the request of [BAC], provided a Standard Flood Hazard Determination on [Plaintiff's] property" that falsely stated that Plaintiff's property was within a flood zone. (Am. Compl. ¶¶ 21-23). Plaintiff also alleges that "[d]espite the fact that [Plaintiff's] Home is not located in a [flood zone], [BAC] issued a letter to [Plaintiff], dated October 28, 2009," stating that BAC was purchasing flood insurance for Plaintiff's property.

Although those facts identify particular misstatements by Defendants, Plaintiff fails to allege facts establishing that Plaintiff relied on the alleged misrepresentations in departing with the escrow funds. Indeed, Plaintiff alleges that Defendants unilaterally took the escrow funds

under the pretext that Plaintiff was obligated to pay for flood insurance.  In other words, Plaintiff does not allege that he was tricked into parting with the escrow.[4]  Rather, Plaintiff alleges that Defendants unilaterally took the funds without authorization.  Although Plaintiff's allegations certainly establish some wrongdoing by Defendants, they do not satisfy the elements of theft by deception, which is the sole basis for Plaintiff's NJ RICO claim.

### D.  Whether Defendants Engaged in a "Pattern" of Racketeering Activity

NJ RICO defines "patterning of racketeering activity" as:

> (1) Engaging in at least two incidents of racketeering conduct one of which shall have occurred after the effective date of this act and the last of which shall have occurred within 10 years (excluding any period of imprisonment) after a prior incident of racketeering activity; and

> (2) A showing that the incidents of racketeering activity embrace criminal conduct that has either the same or similar purposes, results, participants or victims or methods of commission or are otherwise interrelated by distinguishing characteristics and are not isolated incidents.

N.J. Stat. Ann. § 2C:41-1(d).  Plaintiff claims that Defendants engaged in a pattern of racketeering by committing at least two incidents of theft by deception.  As noted above, if a plaintiff asserts a NJ RICO claim predicated on fraud, he must allege fraud with specificity.  See Construcciones Haus Soceidad, 2008 U.S. Dist. LEXIS 33685, at * 5.  Although Plaintiff alleges specific misrepresentations by Defendants regarding Plaintiff's property, he fails to identify any specific misrepresentations made by Defendants to other property owners.  Plaintiff alleges only that Defendants committed similar misconduct regarding "other property owners having mortgages with" BOA.  (Am. Compl. ¶ 111-12).  That allegation does not satisfy Rule 9(b)'s

---

[4] Plaintiff alleges that because Defendants misappropriated his escrow funds, he was forced to pay the property taxes that the escrow funds were designated to cover.  However, Plaintiff does not allege that he relied on the truth of Defendants' misrepresentation in paying his property taxes.  Indeed, Plaintiff's allegations suggest that he knew the Defendants' statements were false when he paid the property taxes.

pleading requirements. Thus, Plaintiff fails to properly plead a "pattern of racketeering" because he does not plead "at least two incidents of racketeering conduct." See N.J. Stat. Ann. § 2C:41-1(d).

## IV.     CONCLUSION

For the reasons discussed above, the Court grants Defendants' motions to dismiss Count IX of the Amended Complaint. An appropriate order shall be entered.


Dated:  8/10/2011                                                        /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge